STATE OF NORTH CAROLINA
v.
LADONN EDWARD SIMPSON

No. COA13-253

Filed 15 October 2013

1. **Drugs—maintaining a vehicle for keeping or selling metham-phetamine—insufficient evidence**

   The trial court erred in denying defendant's motion to dismiss the charge of maintaining a vehicle for keeping or selling metham-phetamine. The evidence was insufficient to show that defendant allowed others to resort to his vehicle to use controlled substances.

2. **Drugs—manufacturing    methamphetamine—trafficking    in methamphetamine by manufacture charges—jury instruc-tions—element of intent—no plain error**

   The trial court did not commit plain error in a drugs case by failing to instruct the jury on the intent element of manufacturing methamphetamine and trafficking in methamphetamine by manufacture charges. Even assuming arguendo that the trial court's omission of an instruction on intent to distribute was erroneous, the omission did not rise to the level of plain error as defendant failed to show prejudice.

3. **Constitutional Law—double jeopardy—separate charges based on same substance—stare decisis**

   Bound by the decisions in *State v. Pipkins*, 337 N.C. 431, and *State v. Perry*, 316 N.C. 87, the Court of Appeals held that the trial court did not deprive defendant of his right against double jeopardy

**STATE v. SIMPSON**

[230 N.C. App. 119 (2013)]

by sentencing him for three trafficking in methamphetamine charges, manufacturing methamphetamine, and possession of methamphetamine based on the same illegal substance.

Appeal by Defendant from judgments entered 9 February 2012 by Judge Jack W. Jenkins in Superior Court, Onslow County. Heard in the Court of Appeals 27 August 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Thomas M. Woodward, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender David W. Andrews, for Defendant.*

McGEE, Judge.

Ladonn Edward Simpson ("Defendant") was found guilty on 9 February 2012 of manufacturing methamphetamine, exceeding pseudoephedrine limits, felony conspiracy to manufacture methamphetamine, maintaining a vehicle that was resorted to by persons using controlled substances or that was used for keeping or selling controlled substances, possession of an immediate precursor chemical used to manufacture methamphetamine, possession of methamphetamine, and three counts of trafficking in methamphetamine. Defendant appeals.

### I.  Sufficiency of the Evidence of Maintaining a Vehicle for Keeping or Selling Methamphetamine

**[1]** Defendant argues the trial court erred in denying his motion to dismiss the charge of maintaining a vehicle for keeping or selling methamphetamine. We agree.

### A.  Standard of Review

We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). The "trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (internal quotation marks omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

The "trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor."

*Id.* at 92, 728 S.E.2d at 347. "All evidence, competent or incompetent, must be considered. Any contradictions or conflicts in the evidence are resolved in favor of the State, and evidence unfavorable to the State is not considered." *Id.* at 93, 728 S.E.2d at 347 (internal citations and quotation marks omitted).

### B. Analysis

It shall be unlawful for any person . . . [t]o knowingly keep or maintain any . . . vehicle . . . which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article[.]

N.C. Gen. Stat. § 90-108(a)(7) (2011). "[T]his Article" refers to Article 5, the North Carolina Controlled Substances Act.

The statute provides two ways to show a violation. "The first statutory alternative requires that the State prove defendant knowingly allowed others to resort to his dwelling to consume controlled substances." *State v. Thompson*, 188 N.C. App. 102, 105, 654 S.E.2d 814, 816 (2008). Under the first alternative, the State must prove Defendant knowingly allowed others to resort to his vehicle to use controlled substances.

"The second statutory alternative requires that defendant knowingly used the dwelling for the keeping or selling of controlled substances." *Id.* at 105, 654 S.E.2d at 817. Under this alternative, the State must prove Defendant knowingly used the vehicle for the keeping or selling of controlled substances.

Jeremy Cox ("Mr. Cox"), an acquaintance of Defendant, testified for the State. Portions of his testimony follow:

[Defense Attorney]. . . . . [Y]ou told the detectives that you contacted [Defendant] to get more meth, shortly after you got out of jail.

[Mr. Cox]. . . . . As I remember, I saw him and he said he had some work. He was a framer or construction man, and he said he had some concrete work, but it never came through. We ended up riding around, getting high.

[Defense Attorney]. So you get into trouble for making methamphetamine, and you get out on bond; and then, by your admission, allegedly, you get together with this

man and drive around getting high on meth? (Indicating [Defendant].)

[Mr. Cox]. That's correct.

Mr. Cox further testified as follows:

[The State]. You said that you would ride around, getting high. Were you referring to [Defendant] being present during that time?

[Mr. Cox]. I'm not sure what you're referring to.

[The State]. . . . . Have you ever gotten high with [Defendant], on methamphetamines?

[Mr. Cox]. Yes.

[The State]. Have you ever done so in his vehicle?

[Mr. Cox]. Yes.

Defendant contends that, even if Mr. Cox used methamphetamine in the vehicle, "the State did not establish that anyone else resorted to [the] truck to use methamphetamine." Evidence shows that only Mr. Cox and Defendant used methamphetamine in the vehicle. However, the statute "requires that the State prove defendant knowingly allowed others to resort to" his vehicle to consume controlled substances. *Thompson*, 188 N.C. App. at 105, 654 S.E.2d at 816 (emphasis added). Defendant cannot allow himself to "resort to" his vehicle. Our Supreme Court has noted that it does "not believe the General Assembly intended 'resorted to,' as used in this statute [N.C.G.S. § 90-108(a)(7)], to include persons who live in the dwelling." *State v. Rich*, 87 N.C. App. 380, 384, 361 S.E.2d 321, 324 (1987). Similarly, we do not believe the General Assembly intended "resorted to," as used in N.C.G.S. §90-108(a)(7), to include persons who own the vehicle at issue.

The State presented no evidence, as to the second alternative, that Defendant used the vehicle for the keeping or selling of controlled substances. As to the first alternative, the evidence shows only that Defendant and Mr. Cox used controlled substances in Defendant's vehicle. This evidence is insufficient to show that Defendant allowed others to resort to his vehicle to use controlled substances. The trial court therefore erred in denying Defendant's motion to dismiss the charge of maintaining a vehicle that was resorted to by persons using controlled substances or that was used for keeping or selling controlled substances.

## II. Jury Instructions

**[2]** Defendant next argues the trial court committed plain error in failing to instruct the jury on the intent element of the manufacturing methamphetamine and the trafficking in methamphetamine by manufacture charges. We disagree.

### A. Standard of Review

Because Defendant did not object to the jury instructions at trial, we review for plain error. *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (alterations in original) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (footnotes omitted)).

To show plain error, "a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (internal citation and quotation marks omitted).

### B. Analysis

The trial court must "instruct the jury on the law arising on the evidence. This includes instruction on the elements of the crime." *State v. Watterson*, 198 N.C. App. 500, 503, 679 S.E.2d 897, 899 (2009).

N.C. Gen. Stat. § 90-87 defines "manufacture" as:

the production, preparation, propagation, compounding, conversion, or processing of a controlled substance by any means, whether directly or indirectly, artificially or naturally, or by extraction from substances of a natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis; and 'manufacture' further includes any packaging or repackaging of the substance or labeling or relabeling of its container except that this term does not include the preparation or compounding of a controlled substance by an individual for his own use[.]

N.C. Gen. Stat. § 90-87(15) (2011).

Our Supreme Court held that "the offense of manufacturing a controlled substance does not require an intent to distribute unless the activity constituting manufacture is preparation or compounding." *State v. Brown*, 310 N.C. 563, 568, 313 S.E.2d 585, 588 (1984). When the activity is "preparation" or "compounding," *Brown* indicates that the offense of manufacturing requires an intent to distribute.

The trial court instructed the jury on the charge of trafficking in methamphetamine by manufacture as follows:

[D]efendant has been charged with trafficking in methamphetamine, or any liquid mixture containing methamphetamine, which is the unlawful manufacturing of 200 grams or more, but less than 400 grams. . . .

For you to find [D]efendant guilty of this offense, the state must prove two things, beyond a reasonable doubt: First, that [D]efendant, acting either by himself or acting together with another person, manufactured methamphetamine or any liquid mixture containing methamphetamine.

The manufacture of methamphetamine is the production, preparation, propagation, compounding, conversion or processing of methamphetamine, a controlled substance, either by extraction from substances of natural origin or by chemical synthesis. (emphasis added).

The trial court instructed the jury on the manufacture of methamphetamine as follows:

[D]efendant has been charged with manufacture of methamphetamine, a controlled substance. For you to

find [D]efendant guilty of this offense, the state must prove, beyond a reasonable doubt, that [D]efendant manufactured methamphetamine by producing, preparing, propagating, compounding, converting or processing methamphetamine, a controlled substance, either by extraction from substances of natural origin or by chemical synthesis. (emphasis added).

Defendant contends that the trial court "never explained that the State bore the burden of proving that [Defendant] acted with an intent to distribute if the jury determined that [Defendant] manufactured methamphetamine by preparation or compounding."

Despite the inclusion of "preparing," "compounding," and "preparation" in its instructions, the trial court did not instruct on intent to distribute. Even assuming *arguendo* that this omission was error, the omission does not rise to the level of plain error. The evidence indicates that Defendant sold methamphetamine and possessed more than 200 grams of a liquid containing methamphetamine and items consistent with the manufacture of methamphetamine.

Mr. Cox testified that Defendant asked, on 26 January 2011, for help making methamphetamine. Mr. Cox explained to the jury how to make methamphetamine, using ammonium nitrate, lye, drain cleaner, propane, pseudoephedrine, and batteries. Mr. Cox testified he smelled propane when Defendant picked Mr. Cox up in Defendant's vehicle. They went to several stores to purchase ingredients, including Sudafed, Coleman fuel, filters, and batteries. When officers stopped Mr. Cox and Defendant, Mr. Cox and Defendant had all the ingredients for methamphetamine.

Officers found "a white powder in a plastic bag" in Mr. Cox's pocket. Mr. Cox indicated he purchased the methamphetamine from Defendant. A State Bureau of Investigation agent searched the vehicle the next day. The agent found a syringe, spoon, bag with white powder residue, bucket, propane tank, drain opener, funnel, filtration mask, plastic baggies, a shopping bag containing "empty boxes and boxes of pseudoephedrine[,]" receipts for pseudoephedrine dated 26 January 2011, loose pseudoephedrine pills, and a glass jar containing "kind of a clear liquid[.]" The jar held 210 grams of liquid containing methamphetamine. Also in the vehicle was a notebook with Defendant's name written inside the cover. The notebook contained a picture of a "cooking synthesis" for methamphetamine.

The evidence of manufacturing methamphetamine and trafficking in methamphetamine by manufacture was overwhelming. In light of this

overwhelming evidence, Defendant failed to demonstrate the requisite "prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Lawrence*, 365 N.C. at 518, 723 S.E.2d at 334 (internal quotation mark omitted). The trial court did not commit plain error in failing to instruct on the intent to distribute.

### III. Sentencing

[3] Defendant's final argument is that the trial court deprived Defendant "of his right against double jeopardy" by sentencing him for three trafficking in methamphetamine charges, manufacturing methamphetamine, and possession of methamphetamine based on the same illegal substance.

The State argues, without citation to authority, that Defendant failed to preserve his right to appeal the conviction for trafficking by transport because Defendant failed to list it in his proposed issues on appeal. "The proposed issues on appeal listed in the record on appeal shall not limit the scope of the issues that an appellant may argue in its brief." N.C.R. App. P. 28(b)(2). This argument is without merit.

Defendant acknowledges the holdings regarding double jeopardy of our Supreme Court in *State v. Pipkins*, 337 N.C. 431, 446 S.E.2d 360 (1994), and *State v. Perry*, 316 N.C. 87, 340 S.E.2d 450 (1986). "[T]he Supreme Court of the United States has held that, where a legislature clearly expresses its intent to proscribe and punish exactly the same conduct under two separate statutes, a trial court *in a single trial* may impose cumulative punishments under the statutes." *Pipkins*, 337 N.C. at 433-34, 446 S.E.2d at 362 (alteration in original).

"An examination of the subject, language and history of the statutes indicates that the legislature intended that these offenses be punished separately, even where the offenses are based on the same conduct." *Id.* at 434, 446 S.E.2d at 362 (no double jeopardy in separate punishments for felonious possession of cocaine and trafficking in cocaine by possession).

"[P]ossessing, manufacturing, and transporting heroin are separate and distinct offenses." *Perry*, 316 N.C. at 103, 340 S.E.2d at 461. A defendant may be punished separately "for trafficking in heroin by possessing 28 grams or more of heroin, trafficking in heroin by manufacturing 28 grams or more of heroin, and trafficking in heroin by transporting 28 grams or more of heroin even when the contraband material in each separate offense is the same heroin." *Id.* at 104, 340 S.E.2d at 461. Like

heroin, methamphetamine is a controlled substance. N.C. Gen. Stat. § 90-95(b) (2011).

Being bound by the decisions in *Pipkins* and *Perry*, we hold the trial court did not err in sentencing Defendant separately for trafficking in methamphetamine, manufacturing methamphetamine, and possession of methamphetamine.

Reversed in part; no error in part.

Judges STEELMAN and ERVIN concur.