**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4023**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

DALLAS MCKOY HARRIS,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:02-cr-00202-BO-1)

─────────────

Submitted:  March 27, 2014          Decided:  April 8, 2014

─────────────

Before NIEMEYER, KING, and AGEE, Circuit Judges.

─────────────

Affirmed by unpublished per curiam.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dallas McKoy Harris pled guilty to conspiracy to distribute and possess with intent to distribute at least 50 grams of cocaine base. In January 2003, the district court sentenced Harris to 144 months' imprisonment, to be followed by 60 months of supervised release. This sentence was subsequently reduced to 120 months pursuant to 18 U.S.C. § 3582(c) (2012). In March 2011, Harris was released from incarceration.

In June 2012, the probation officer moved for revocation of Harris' supervised release, alleging that Harris committed four violations of his supervised release. Harris admitted to the Grade C violations alleged, but disputed the charged Grade A violation of trafficking in cocaine base. After a hearing, the district court found that Harris committed all four charged violations. The court revoked supervised release and imposed a thirty-month sentence of imprisonment. Harris appeals, arguing that the evidence was insufficient to support the finding that he violated his supervised release by trafficking in cocaine base. Finding no clear error, we affirm.

We review a district court's decision to revoke supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). To revoke release, the district court must find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C.

2

§ 3583(e)(3) (2012). We review for clear error factual findings underlying the conclusion that a violation of the terms of supervised release occurred. See United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003).

We conclude that the district court did not abuse its discretion in finding that Harris violated the conditions of supervised release by trafficking in cocaine. The government presented evidence that Harris was driving a vehicle from which 79 grams of crack cocaine was thrown. A Raleigh police officer stopped the vehicle and detained Harris and his two passengers. One passenger was found in possession of 27 grams of cocaine and a sum of money. Cocaine residue was found on a black tray under the front passenger seat.

Harris denied knowing that there was cocaine in the vehicle and denied having seen the 79 grams of crack being thrown from the truck. Harris was charged in state court with trafficking cocaine by possession by vehicle and conspiracy to traffic cocaine. He pled guilty to misdemeanor maintaining a vehicle for the storage of a controlled substance.

Based on this evidence, the district court found it more likely than not that Harris was involved in the trafficking of crack cocaine. The North Carolina offense of trafficking of cocaine requires proof that the defendant was in possession of 28 grams or more of cocaine. N.C. Gen. Stat. § 90-95(h)(3).

3

Possession can be actual or constructive. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996). Constructive possession can be shown by evidence of dominion and control over the drugs themselves or over the premises or vehicle in which the contraband is found. United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992).

Viewed in the light most favorable to the Government, see United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010), the evidence established each of the elements of trafficking. The amount of cocaine base exceeded 28 grams, and Harris pled guilty in state court to maintaining a vehicle for the storage of a controlled substances, thus establishing his knowledge of the presence of the drugs. See State v. Simpson, 748 S.E.2d 756, 759 (N.C. App. 2013). This evidence, along with the fact that Harris was driving the vehicle in which crack cocaine was found and from which the crack cocaine was thrown, supports the district court's finding that it was more likely than not that Harris knowingly possessed—either actually or constructively— more than 28 grams of crack cocaine, and thus violated the conditions of his supervised release by trafficking.

Accordingly, we find no clear error in the district court's determination the Harris committed the Grade A violation of his supervised release. See United States v. White, 620 F.3d 401, 410 (4th Cir. 2010); see also United States v. Stevenson,

4

396 F.3d 538, 542 (4th Cir. 2005) (providing that court of appeals will not reverse factual finding if district court's view of the evidence is plausible in light of the totality of the evidence, even if the appeals court would have resolved the facts differently).

We therefore affirm the revocation judgment and the 30-month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED