IN THE COURT OF APPEALS OF NORTH CAROLINA

2023-NCCOA-7

No. COA22-414

Filed 17 January 2023

Johnston County, Nos. 19 CRS 51874-76, 19 CRS 628

STATE OF NORTH CAROLINA

v.

ROBERT LINWOOD MASSEY, JR.

Appeal by defendant from judgments entered 21 July 2021 by Judge James F. Ammons, Jr., in Johnston County Superior Court. Heard in the Court of Appeals 15 November 2022.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Jonathan R. Marx, for the State.*
>
> *Patterson Harkavy LLP, by Christopher A. Brook, for defendant.*

ARROWOOD, Judge.

Robert Linwood Massey, Jr., ("defendant") appeals from judgments following jury verdicts of guilty for possession of marijuana paraphernalia, simple possession of marijuana, assault on a government official, possession with intent to sell or deliver methamphetamine,[1] intentionally maintaining a dwelling which is resorted to by

---

[1] We note that although defendant's indictment alleged he "unlawfully . . . possess[ed] with intent to sell and deliver a controlled substance, namely [m]ethamphetamine," we defer to

persons using controlled substances, and for attaining the status of habitual felon. Defendant argues the trial court erred by improperly admitting prior bad act evidence, denying his motion to dismiss the charges of marijuana possession, possession of marijuana paraphernalia, and maintaining a dwelling which is resorted to by persons using controlled substances. Defendant also argues the trial court committed plain error by giving conflicting jury instructions. For the following reasons, we find no error in part and arrest judgment in part.

## I.     Background

¶ 2     On 29 March 2019, after receiving information from a confidential informant that defendant possessed methamphetamines, Johnston County Sheriff's Office ("JCSO") executed a search warrant on defendant's home. Based on the recovered evidence, defendant was indicted by a Johnston County Grand Jury for possession of marijuana and marijuana paraphernalia, assault on a government official, resisting a public officer, possession of methamphetamine with the intent to sell or deliver, maintaining a dwelling resorted to by persons using methamphetamine, and for being a habitual felon on 6 May 2019. The matters came on for trial on 19 July 2021, Judge Ammons presiding. The evidence at trial tended to show the following:

---

the statutory definition set forth in N.C. Gen. Stat. § 90-95(a)(1), which states it is a felony to "sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[,]" throughout this opinion.

In the morning of 29 March 2019, defendant was outside working on his vehicle when he saw officers from JCSO arrive. Upon seeing the law enforcement vehicles, defendant ran inside his residence. Officers entered and found defendant sitting in a recliner "reaching" his left hand "between the seat cushion and arm rest[.]" Defendant was "noncompliant" and refusing "to show his hands clearly." Defendant was "combative[,]" "kicking[,]" "flailing[,]" and "really hard to control[.]" After this brief physical altercation, defendant was subsequently arrested and taken outside, where he, again, attempted to flee.

During the search of defendant's person, officers recovered a cellphone and what they identified as a bag of marijuana. Forensic scientist Lauren Adcox of the North Carolina State Crime Laboratory ("NCSCL") testified that she did not quantify the percentage of tetrahydrocannabinol ("THC") in the substance, thus unable to determine if the substance was marijuana as opposed to legal hemp. On direct examination, JCSO officer testimony initially identified the substance as marijuana, however, during cross-examination the officer equivocated whether the substance was marijuana or hemp.

During search of the residence, officers found a "Hide-A-Key" device inside the recliner defendant was sitting in, which contained "five baggies" of a "crystal substance." Subsequent testing indicated one bag contained 2.81 grams of methamphetamine; consistent with NCSCL policy, the remaining bags were not

tested.  Two digital scales were also seized, one containing a "white powder residue[.]" Officer testimony indicated that the division of the substance into five baggies, along with the presence of the scales were consistent with selling drugs.  On defendant's coffee table, officers recovered:  suspected marijuana, "rolling papers," "a one-hitter[,]" which is "a little device that they smoke marijuana out of[,]" and "some clear plastic baggies[.]"

¶ 6        As an individual "suspected of dealing drugs," certain items from defendant's cellphone were also admitted into evidence via a "Cellebrite extraction [report][,]" ("the extraction report").  Officers were able to recover a series of text messages and photographs the State argued were "relevant information" to show knowledge, motive, and intent to commit the charged offenses.  The text messages ranged from 20 October 2018 to 25 February 2019.   Each photo was undated, except for one picture of a crystalline substance taken 25 December 2018.  Defendant filed a motion to exclude the evidence from the extraction report as violative of Rule 404(b) of the North Carolina Rules of Evidence, which the trial court denied.

¶ 7        On 21 July 2021, the jury found defendant guilty of possession with intent to sell or deliver methamphetamine, intentionally maintaining a dwelling resorted to by persons using controlled substances, simple possession of marijuana, possession of marijuana paraphernalia, and assault on a government official.  Thereafter, defendant pled guilty to being a habitual felon.  The court consolidated all of the

charges for sentencing purposes. Defendant was sentenced to 58 to 82 months, which is the lowest possible sentence in the mitigated range for these charges. Defendant filed a notice of appeal on 27 July 2021.

## II.    Discussion

On appeal, defendant argues the trial court erred by (1) admitting text messages and photographs from the extraction report in contravention of Rule 404(b), (2) denying his motion to dismiss the charges of marijuana possession, possession of marijuana paraphernalia, and maintaining a dwelling resorted to by persons using methamphetamine, and (3) providing the jury with inconsistent jury instructions. Defendant does not raise any issues on appeal with respect to his conviction of assault on a governmental official. We address each argument in turn.

### A.    Rule 404(b) Prior Act Evidence

Defendant contends the trial court committed prejudicial error by admitting prior bad act evidence in violation of Rule 404(b). Specifically, defendant argues the extraction report should have been excluded as the challenged text messages and photographs are too temporally attenuated and lack sufficient similarity to the current controversy and that their admission was inherently prejudicial under Rule 403. Thus, defendant asserts the challenged evidence was admitted in error as it tended to show defendant's general propensity to deal in controlled substances. We disagree.

¶ 10        This Court reviews whether prior bad act evidence is admissible under Rule

404(b) *de novo*. *State v. Beckelheimer*, 366 N.C. 127, 130, 726 S.E.2d 156, 159 (2012).

If admissible, we then "determine whether the trial court abused its discretion in

balancing the probative value of the evidence under Rule 403." *State v. Martin*, 191

N.C. App. 462, 467, 665 S.E.2d 471, 474 (2008).

¶ 11        Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible
> to prove the character of a person in order to show that he
> acted in conformity therewith. It may, however, be
> admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge,
> identity, or absence of mistake, entrapment or accident.

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2021). Rule 404(b) is a "general rule of *inclusion*

of relevant evidence[,]" but it operates to exclude evidence if "its *only* probative value

is to show that the defendant has the propensity or disposition to commit an offense

of the nature of the crime charged." *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d

48, 54 (1990) (emphasis in original).

¶ 12        When evidence is introduced pursuant to Rule 404(b), there is a "natural and

inevitable tendency" for the judge or jury "to give excessive weight [to the challenged

evidence]" and "allow it to bear too strongly on the present charge[s][,] . . . justifying

a condemnation [of the accused], irrespective of the accused's guilt of the present

charge[s]." *State v. Carpenter*, 361 N.C. 382, 387-88, 646 S.E.2d 105, 109-10 (2007)

(citation and internal quotation marks omitted). In order to protect a party from such "perils inherent in introducing" evidence under Rule 404(b), the admissibility of the evidence is constrained by the requirements of "similarity and temporal proximity." *Id.* at 388, 646 S.E.2d at 110 (quoting *State v. Al–Bayyinah*, 356 N.C. 150, 154, 567 S.E.2d 120, 123 (2002)). "Prior acts are sufficiently similar if there are some unusual facts present in both crimes that would indicate that the same person committed them, but the similarities need not rise to the level of the unique and bizarre." *State v. Pierce*, 238 N.C. App. 537, 545, 767 S.E.2d 860, 866 (2014) (citation and internal quotation marks omitted).

¶ 13    Although Rule 404(b) has a temporal limitation, our Supreme Court has established "remoteness in time is less significant when the prior conduct is used to show intent, motive, [or] knowledge . . . [;] remoteness in time generally affects only the weight to be given such evidence, not its admissibility." *State v. Stager*, 329 N.C. 278, 307, 406 S.E.2d 876, 893 (1991) (citation omitted). "[W]hile a . . . lapse in time between the prior and present acts generally indicate a weaker case for admissibility under Rule 404(b) . . . remoteness . . . must be considered in light of the specific facts of each case[.]" *State v. Pabon*, 380 N.C. 241, 2022-NCSC-16, ¶ 63 (citations and internal quotation marks omitted).

¶ 14    The proffered evidence "must also be relevant to a material issue in the case." *State v. Thomas*, 268 N.C. App 121, 134, 834 S.E.2d 654, 664 (2019) (citation omitted),

*disc. review denied*, 374 N.C. 434, 841 S.E.2d 531 (2020). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C. Gen. Stat. § 8C-1, Rule 401 (2021).

¶ 15    In the instant case, the challenged evidence includes a series of text messages ranging from October 2018 to February 2019. Defendant concedes that these text messages, generally speaking, illustrate defendant's interest in 1) purchasing marijuana from an unidentified source; or 2) possessing marijuana. The challenged photos include 1) defendant's face; 2) money; and 3) a photo of a crystalline substance dated 25 December 2018.

¶ 16    The State introduced the challenged evidence to prove motive, intent, and knowledge. The State argued the messages using colloquial terms for marijuana (i.e. "bud") and marijuana smoking devices (i.e. "blunt" and "bowl") illustrated that defendant was in possession of marijuana, not hemp, on the day of the offense. The State also argued the messages referencing giving some type of controlled substance to a woman, indicated defendant's intent to sell or deliver methamphetamine. With respect to the foregoing reasons, the trial judge gave the following limiting instruction:

> Now, ladies and gentlemen, evidence has been received
> which might show some possible criminal conduct on the
> part of the defendant. The phone–the phone records is

> what I'm talking about. This evidence was received solely for the following purposes: To show that the defendant had a motive for the commission of the crime which is charged in this case and/or to show that the defendant had the intent, which is a necessary element of some of the crimes charged in this case, and/or that the defendant had the knowledge, which is a necessary element of some of the crimes charged in this case. If you believe this evidence, the cell phone evidence, you may consider it, but only for the limited purposes for which I have just stated which it was received. You may not consider it for any other purpose. You may not convict the defendant in this case solely because of something he may have done in the past.

¶ 17     Initially, we note that the challenged text message evidence is relevant as it reflects defendant's guilty knowledge, an element of the charged crimes, of the substances he possessed on 29 March 2019. *See State v. Weldon*, 314 N.C. 401, 406, 333 S.E.2d 701, 704 (1985) (" '[W]here guilty knowledge is an essential element of the crime charged, evidence may be offered of such acts or declarations of the accused as tend to establish the requisite guilty knowledge, *even though* the evidence reveals the commission of another offense by the accused.' ") (emphasis in original) (citation omitted). Because knowledge was at issue during trial, the challenged evidence is relevant as it corroborated the State's contention that the substance defendant possessed was indeed marijuana and not legal hemp. Therefore, admission of the text message portion of the extraction report was permissible with respect to knowledge.

¶ 18        Having determined the evidence was relevant, the next part of our Rule 404(b) analysis involves determining whether the trial court abused its discretion in admitting the evidence under Rule 403.  Pursuant to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]" N.C. Gen. Stat. § 8C-1, Rule 403 (2021).  "An abuse of discretion occurs when a trial judge's ruling is manifestly unsupported by reason." *State v. Golden*, 224 N.C. App. 136, 145, 735 S.E.2d 425, 432 (citation and internal quotation marks omitted).

¶ 19        Here, the admission of the text message portion of the extraction report survives a Rule 403 determination.  Prior to admitting the evidence, the trial court considered defendant's motion to exclude the challenged evidence and heard arguments from the State as well as defense counsel outside the presence of the jury. The trial judge asked clarifying questions and also considered the interval of time the digital data stemmed from.  Defense counsel argued that since all, with the exception of one photo was undated, and there were no text messages in the immediate days preceding the offense, that the admission of the extraction report was simply indicative of someone using drugs, not selling them.  The trial court was not persuaded by defendant's arguments, stating "weight [of the evidence] rather than credibility" was impacted by the lack of messages surrounding the date of the offense.

Accordingly, the trial court's decision was supported by reason and does not reflect an abuse of discretion.

¶ 20        Although we find the challenged text message evidence is admissible, we reject the State's arguments on appeal that similarity and temporal connection are not necessary requirements to admit evidence under Rule 404(b). Our case law is clear that similarity and temporal proximity are the "twin north stars" to guide the evidentiary considerations inherent to a Rule 404(b) analysis. *Pabon*, ¶ 63.

¶ 21        With respect to the photographs that are also a portion of the extraction report, assuming *arguendo*, that the photographic evidence fails the Rule 404(b) analysis and was admitted in error, we find such error harmless because of the substantial amount of unchallenged evidence introduced, including: two scales, 2.81 grams of methamphetamine, five separate bags of methamphetamine, and items of marijuana paraphernalia.

¶ 22        Because we find that the trial court did not err in admitting the text messages and the admission of the photographic evidence was at most harmless error, defendant's argument is overruled.

## B.        Motion to Dismiss

¶ 23        Defendant also argues that the trial court erred in denying his motion to dismiss the charges of simple possession of marijuana, possession of marijuana paraphernalia, and maintaining a dwelling resorted to by persons using

methamphetamine because there was insufficient evidence from which a reasonable jury could reach a conviction. For the following reasons, we agree in part, and vacate defendant's conviction for maintaining a dwelling resorted to by persons using methamphetamine.

¶ 24   We review the trial court's denial of a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007) (citation omitted). "In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Winkler*, 368 N.C. 572, 574, 780 S.E.2d 824, 826 (2015) (citations omitted). Substantial evidence is defined as " 'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Smith*, 186 N.C. App. at 62, 650 S.E.2d at 33 (citation omitted). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d. 818 (1995) (citation omitted). "The trial court is not required to determine that the evidence excludes every reasonable hypothesis of innocence before denying a defendant's motion to dismiss." *State v. Barfield*, 127 N.C. App. 399, 401, 489 S.E.2d 905, 907 (1997).

On appeal, the question for this Court is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of the offense. If so, the motion is properly denied." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citation omitted).

### 1. Possession of Marijuana and Marijuana Paraphernalia

Our statutes state that a person who possesses marijuana, a Schedule VI controlled substance, shall be guilty of a Class 3 misdemeanor. N.C. Gen. Stat. § 90-95(d)(4) (2021). Thus, in order to convict a defendant of marijuana possession, the State has the burden of proving "(1) that the defendant knowingly possessed a controlled substance and (2) that the substance was marijuana." *State v. Johnson*, 225 N.C. App. 440, 454-55, 737 S.E.2d 442, 451, *mandamus denied*, 366 N.C. 566, 738 S.E.2d 395 (2013) (citation omitted). It is also a separate Class 3 misdemeanor for a person "to possess with the intent to use, [marijuana] drug paraphernalia[.]" N.C. Gen. Stat. § 90-113.22(a) (2021).

At the time of defendant's alleged offenses, marijuana was defined as "all parts of the plant of the genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin[.] . . . The term does not include industrial hemp as defined in [N.C. Gen. Stat. §] 106-568.51[.]" N.C.

Gen. Stat. § 90-87(16) (2019). N.C. Gen. Stat. § 106-568.51 is no longer in effect and has since been replaced by Session Law 2022-32, which states the distinction between marijuana and hemp rests on the percentage of THC; hemp contains "no[] more than three-tenths of one percent (0.3%) [of THC] on a dry weight basis."

Here, defendant argues that by failing to introduce evidence of the chemical composition of the seized substance, the State is unable to provide substantial evidence that the substance found was marijuana, as opposed to legal hemp. Defendant is correct that the evidence at trial did not establish the chemical composition of the seized substance and thus did not definitively establish that the substance was marijuana. However, our analysis on appeal is limited to analyzing the sufficiency of the evidence in order to submit the case to the jury.

> In evaluating the sufficiency of the evidence to support a criminal conviction, the evidence must be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom. In other words, if the record developed before the trial court contains substantial evidence, whether direct or circumstantial, or a combination, to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.

*State v. Osborne*, 372 N.C. 619, 626, 831 S.E.2d 328, 333 (2019) (citations and quotation marks omitted).

¶ 29 Thus, the distinction between the admissibility of the evidence and the sufficiency of the evidence is imperative. *See id.* at 630-31, 831 S.E.2d at 334-35. "[I]t simply does not matter whether some or all of the evidence contained in the record should not have been admitted[,] . . . all of the evidence, regardless of its admissibility, must be considered in determining the validity of the conviction[.]" *Id.* at 630, 831 S.E.2d at 335 (citation omitted).

> For that reason, a reviewing court errs to the extent that it determines whether the evidence suffices to support a defendant's criminal conviction by ascertaining whether the evidence relevant to the issue of the defendant's guilt should or should not have been admitted and then evaluating whether the admissible evidence, examined without reference to the allegedly inadmissible evidence that the trial court allowed the jury to hear, sufficed to support the defendant's conviction.

*Id.* at 630, 831 S.E.2d at 336.

¶ 30 In *State v. Duncan*, 2022-NCCOA-699 (2022) (unpublished), this Court reiterated the principal established in *State v. Osborne*. There, as defendant in this case argues, the defendant alleged the trial court erred in denying her motion to dismiss marijuana possession and marijuana paraphernalia charges. *Duncan*, ¶ 12. In *Duncan*, the defendant contended an officer's opinion identifying a substance as marijuana, as opposed to hemp, was insufficient to raise more than "a suspicion or conjecture of [her] guilt[,]" due to a lay person's inability to distinguish between marijuana and hemp. *Id.* ¶ 14. In that case, the officer's lay opinion was the only

evidence identifying the substance found as marijuana. *Id.* ¶ 23. Because our review focused on the sufficiency of evidence to support a criminal conviction, we declared, "[the officer's] lay opinion identification of marijuana must be considered when evaluating all of the evidence in the light most favorable to the State." *Id.* ¶ 26. Based on the officer's testimony, we found the State presented sufficient evidence that the defendant possessed marijuana and marijuana paraphernalia. *Id.* We find the reasoning of *Duncan* instructive.

¶ 31       In the case *sub judice*, we are persuaded based upon our review of all the evidence introduced under the *Osborne* and *Duncan* analysis that when viewed in the light most favorable to the State, the State produced sufficient evidence establishing the substance was marijuana and the trial court did not err in denying defendant's motion to dismiss. "The trial court's function is to determine whether the evidence allows a '*reasonable inference*' to be drawn as to the defendant's guilt of the crimes charged." *State v. Earnhardt*, 307 N.C. 62, 67, 296 S.E.2d 649, 652 (1982) (citation omitted) (emphasis in original). The trial court need only determine "whether the evidence presented constitutes substantial evidence" and thus "is a question of law for the court." *Id.* at 66, 296 S.E.2d at 652 (citation omitted). It is for the jury to "weigh evidence, assess witness credibility, [and] assign probative value to the evidence . . . and determine what the evidence proves or fails to prove." *State v.*

*Moore*, 366 N.C. 100, 108, 726 S.E.2d 168, 174 (2012) (citation omitted). Our

established precedent illustrates

> the great deference which our courts, whether at trial or
> appellate level, must give to the vital role of the citizens of
> our state's local communities who are selected to serve as
> jurors. Once the trial court decides that a reasonable
> inference of defendant's guilt may be drawn from the
> circumstances, then *it is for the jury to decide* whether the
> facts, taken singly or in combination, satisfy it beyond a
> reasonable doubt that the defendant is actually guilty.

*State v. Taylor*, 379 N.C. 589, 2021-NCSC-164, ¶ 51 (citation omitted) (quotation

marks and brackets omitted) (emphasis in original).

Here, the State's evidence included digital data indicating that the seized

substance was marijuana; defendant referred to it as "bud," and he attempted to

procure "bud" from someone he was messaging. The substance was also found with

methamphetamine, an illegal substance, and found within single plastic bags,

commonly associated with drugs. Additionally, the arresting officer initially

identified the seized substance as marijuana. That the officer later equivocated as to

identity of the substance goes to the weight the jury should give the evidence, not to

whether it is sufficient to take the case to the jury. This evidence is sufficient to allow

the jury to determine whether the substance was marijuana or hemp. With respect

to defendant's argument regarding the necessity of a chemical analysis of the

substance to exclude hemp as a potential substance, our courts have never held this

is necessary and we decline to establish a new requirement in this case. Because our review is limited to the sufficiency of the evidence to support a criminal conviction, the trial court did not err in denying defendant's motion to dismiss the marijuana-related charges.

2.     Maintaining a Dwelling Resorted to by Persons Using Methamphetamine

¶ 33      Defendant also contends it was error for the trial court to deny his motion to dismiss maintaining a dwelling resorted to by persons using methamphetamine for insufficient evidence. We agree.

¶ 34      Our statutes declare "it shall be unlawful for any person . . . [t]o knowingly keep or maintain any . . . dwelling house . . . which is resorted to by persons using controlled substances[.]" N.C. Gen. Stat. § 90-108(a)(7) (2021). Thus, in order to survive a motion to dismiss, the State has the burden of providing substantial evidence that defendant intentionally allowed others *to resort to* his house to use controlled substances. *State v. Simpson*, 230 N.C. App. 119, 121, 748 S.E.2d 756, 759 (2013) (emphasis added).

¶ 35      Here, the State failed to establish that anyone outside of defendant, used defendant's home to consume controlled substances. Defendant cannot "resort to" his own residence. *Id.* at 122, 748 S.E.2d at 759. In an effort to prove defendant committed the offense charged, the State attempts to rely solely on ambiguous text messages that do not explicitly refer to methamphetamine nor prove defendant

*knowingly allowed others* to use his home in such manner. This argument is not convincing as these text messages fail to rise above the level of creating a mere suspicion of methamphetamine use. As this Court has established previously, "we do not believe the General Assembly intended 'resorted to,' as used in N.C. Gen. Stat. § 90-108(a)(7), to include persons who own the [dwelling] at issue." *Id.*

¶ 36 Because we find that the State failed to provide any, much less substantial evidence, we vacate defendant's conviction of maintaining a dwelling resorted to by persons using methamphetamine. As defendant's third issue on appeal related to the jury instruction given for this offense, we do not reach that issue as we have vacated that conviction.

¶ 37 Remanding defendant's case for resentencing on the vacated conviction is not necessary, however, since all of the offenses for which defendant was convicted was consolidated into a single judgment and defendant received the lowest possible sentence in the mitigated range. "[W]e do not remand for resentencing where [d]efendant has already received the lowest possible sentence[.]" *State v. Cromartie*, 257 N.C. App. 790, 797, 810 S.E.2d 766, 772 (2018) (citation omitted). Remanding is necessary after arresting judgment only if we are "unable to determine what weight, if any, the trial court gave to each of the separate convictions[.]" *Id.* (quoting *State v. Moore*, 327 N.C. 378, 383, 395 S.E.2d 124, 127-28 (1990)). However, we arrest judgment "so as to avoid any collateral consequences." *Cromartie*, at 797, 810 S.E.2d

at 772.

¶ 38        Accordingly, we arrest judgment on defendant's maintaining a dwelling resorted to by persons using controlled substances conviction.

## III.    <u>Conclusion</u>

¶ 39        For the reasons set forth above, we conclude the trial court erred in denying defendant's motion to dismiss maintaining a dwelling resorted to by persons using methamphetamine, in all other respects we find no error.

NO ERROR IN PART, VACATED AND ARRESTED IN PART.

Judges MURPHY and CARPENTER concur.