An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-979

Filed 3 September 2025

Martin County, Nos. 21CRS050769-570, 21CRS050770-570, 22CRS000013-570

STATE OF NORTH CAROLINA

v.

JERMAINE MARTIN JACKSON, Defendant.

Appeal by defendant from judgment entered 6 December 2023 by Judge Wayland J. Sermons, Jr. in Martin County Superior Court. Heard in the Court of Appeals 20 May 2025.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Colin Justice, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Heidi Reiner, for defendant-appellant.*

DILLON, Chief Judge.

## I. Background

In the early morning of 14 November 2021, Officer Raynor responded to a call regarding a potential fight behind City Café in Williamston. While standing in the parking lot talking to a group of three men about what was occurring, a law

enforcement officer testified he believed he heard a gun being chambered. He approached the gray pickup truck he believed the sound came from, to investigate. When the officer approached the vehicle, he began speaking with Defendant Jermaine Jackson, who was in the driver's seat. The officer instructed Defendant to step out of the car multiple times. When Defendant failed to do so, the officer opened the driver's side door and tried to physically remove Defendant from the truck. Defendant pushed the truck's gas pedal and fled from the officer.

When he fled, he struck the officer's arm and elbow. After the officer got up to go to his patrol car, he noticed Shakeya Jones, who was pregnant at the time, lying on the ground near where Defendant's truck was. Ms. Jones was standing on the passenger side of Defendant's truck talking to a passenger in the vehicle when he fled the scene. Ms. Jones had minor injuries but went to the hospital due to high blood pressure. There were no lasting complications to her or her child's health. Ms. Jones additionally testified she never heard or saw a gun in Defendant's truck.

Defendant was charged with several crimes based on the incident. A jury found Defendant guilty of felonious fleeing to elude arrest, lesser included offense misdemeanor assault on a law enforcement officer, and lesser included offense misdemeanor hit and run and failure to stop. Defendant pleaded guilty to habitual felon status. Defendant gave oral notice of appeal.

## II.    Analysis

Defendant appeals on three grounds. We address each issue in turn.

A. Conviction of a crime the jury was not instructed on

First, Defendant contends the trial court committed a *per se* error by allowing the jury to convict Defendant of a lesser-included offense which the jury was not instructed on. The difference between the felony assault on a law enforcement officer and the misdemeanor charge is that the felony charge requires a finding that the officer who was assaulted was, in fact, injured by the assault.

At the charging conference, defense counsel requested the trial court instruct the jury on both the charged crime, Felonious Assault on a Law Enforcement Officer Inflicting Physical Injury, and the lesser-included offense, Misdemeanor Assault of a Law Enforcement Officer, based on the equivocal evidence that the officer was, in fact, injured. The State agreed and it appeared the trial court was going to include that charge. In fact, after a *Harbison* inquiry defense counsel was permitted to make an admission to the misdemeanor charge. The trial court instructed the jury on the felony charge but failed to provide an instruction on the lesser-included misdemeanor offense, though the misdemeanor charge was included on the verdict sheet given to the jury. The jury ultimately convicted Defendant of the misdemeanor.

Although Defendant did not object at trial to the jury instructions or verdict sheet, Defendant did request the instruction for the lesser-included offense at the charge conference. Our Supreme Court has held that a "request for an instruction at the charge conference is sufficient compliance with the rule to warrant [a] full review on appeal where the requested instruction is subsequently promised but not given,

notwithstanding any failure to bring the error to the trial judge's attention at the end of the instructions." *State v. Ross*, 322 N.C. 261, 265 (1988) (citing *State v. Pakulski*, 319 N.C. 562 (1987)).  Further, it is well established that a trial court must instruct the jury on a lesser-included offense, if there is evidence the defendant might be guilty of the lesser-included offense.  *State v. Collins*, 334 N.C. 54, 58 (1993).

We agree that Defendant was entitled to an instruction on the misdemeanor charge as the evidence in the light most favorable to Defendant shows that the officer did not suffer injury due to the assault.

However, "[a] defendant is prejudiced by errors . . . [only] when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises."  N.C.G.S. § 15A-1443(a).  Additionally, it is the defendant's burden to show the error is prejudicial.  *Id.*  Further, "[a] defendant is not prejudiced by the granting of relief *which he has sought* or by error resulting from his own conduct."  *See* N.C. Gen. Stat. § 15A-1443(c) (emphasis added).

We agree with Defendant that it is generally error for a jury to convict a defendant for a crime for which no instruction is given.  However, we conclude in the narrow context of this particular case that any such error is not reversible.  Defendant requested that the jury be instructed on the misdemeanor charge.  Defendant did not object to the verdict sheet given to the jury which included the misdemeanor charge.  Defendant did not object or otherwise alert the trial court when the trial court

- 4 -

instructed the jury but failed to instruct on the lesser-included misdemeanor charge. Furthermore, Defendant's counsel argued to the jury that it should convict Defendant only of the misdemeanor charge which is what the jury ultimately did. Thus, Defendant cannot show any prejudice because of the trial court's omission of the instruction on misdemeanor assault.

B. Pattern Jury Instruction—Operating a motor vehicle to elude arrest

Second, Defendant contends the trial court reversibly erred when it deviated from the pattern jury instruction and omitted language for an element of the charge of operating a motor vehicle to elude arrest.

"Because Defendant did not object to the jury instructions at trial, we review for plain error." *State v. Simpson*, 230 N.C. App. 119, 123 (2013) (citation omitted). In conducting a plain error review, we determine "whether the error was prejudicial and whether it resulted in a miscarriage of justice. In determining whether an error was prejudicial, our courts have examined the entire record to determine if the . . . error had a probable impact on the jury's finding of guilt." *State v. Lawrence*, 365 N.C. 506, 517 (2012) (cleaned up).

The pattern jury instruction which Defendant believes was necessary to be provided to the jury reads as follows:

> If you find from the evidence beyond a reasonable doubt
> that on or about the alleged date the defendant drove a
> vehicle upon a [highway] [public vehicular area] (describe
> manner of driving), and that in so doing he acted carelessly
> and heedlessly in willful or wanton disregard of the rights

> or safety of others, it would be your duty to return a verdict of guilty. If you do not so find or if you have a reasonable doubt as to one or both of these things, it would be your duty to return a verdict of not guilty.

The jury instruction provided reads as follows:

> If you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant operated a motor vehicle on a street or highway and engaged in reckless driving in that he drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others and his driving was negligent leading to an accident causing property damage in excess of $1,000 it will be your duty to return a verdict of guilty of felonious operation of a motor vehicle to elude arrest.

Defendant argues that the trial court erred by failing to incorporate the instruction on reckless driving as an aggravating factor as the pattern jury instructions do. Although the wording regarding reckless driving is slightly varied between the two instructions, both properly instructed the jury on the element. After a review of the entire record and briefs, we hold Defendant failed to meet the burden of showing that the varied language of the instruction created a probable impact on the jury's finding of guilt.

C.  Pattern Jury Instruction—Felony hit and run

Third, Defendant contends the trial court committed reversible error when it deviated from the pattern jury instructions by omitting the language regarding the intentionality of the failure to stop for the crime of felonious hit and run.

As with the last issue, Defendant failed to object to this jury instruction during

trial. Therefore, it is reviewed for plain error. *Simpson*, 230 N.C. App. at 123.

The relevant portion of the pattern jury instruction which Defendant believes was necessary to be provided to the jury reads as follows: "[D]efendant intentionally (and without justification or excuse) failed to [stop] [remain until a law enforcement officer] [completed the investigation] [authorized the defendant to leave]." The relevant portion of the jury instruction provided at trial reads as follows: "[D]efendant was involved in a collision which resulted in injury and failed to remain at the scene of the collision until a law enforcement officer completed the investigation and authorized the defendant to leave." Defendant argues that he was prejudiced because the jury instruction left out the words regarding the required intentionality of failing to remain at the scene. After a review of the entire record and briefs, we hold Defendant failed to meet the burden of showing that the varied language of the instruction created a probable impact on the jury's finding of guilt.

III. Conclusion

We hold that while the trial court did err in failing to provide an instruction on the lesser included offense of misdemeanor assault of a law enforcement officer, the error was not prejudicial. Additionally, we hold there was no error in the jury instructions for operating a motor vehicle to elude arrest or felony hit and run.

NO ERROR.

Judges ARROWOOD and HAMPSON concur.

Report per Rule 30(e).