An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-1104

Filed 15 October 2025

Guilford County, No. 22CRS071117-400

STATE OF NORTH CAROLINA

v.

NAAZIR TAJUDDIN, Defendant.

Appeal by defendant from judgment entered 19 April 2024 by Judge Lora Christine Cubbage in Guilford County Superior Court. Heard in the Court of Appeals 13 August 2025.

*Jackie Willingham for defendant-appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Scott A. Conklin, for the State.*

DILLON, Chief Judge.

Defendant Naazir Tajuddin appeals from judgment consistent with the jury's verdict convicting him of robbery with a dangerous weapon arising from an alleged incident where he stole property from an employee of a U-Haul facility by force.

I.      Background

The evidence at trial tended to show as follows: Defendant, accompanied by a

friend, rented a truck from a U-Haul dealer in Greensboro. The U-Haul dealer directed Defendant to a second U-Haul dealer operated by the alleged victim, due to the fact that the first dealer did not have the dolly Defendant needed.

When the Defendant and his friend arrived at the second facility, the victim (who worked at the second facility) informed them they would need to pay about sixteen dollars for the dolly. The two men refused to pay the victim, explaining they paid to rent the dolly at the initial U-Haul facility. Defendant and his friend, however, did not provide the victim with any documentation verifying their payment for the dolly rental.

Defendant and his friend placed the dolly in their rented U-Haul truck. The victim attempted to remove the dolly from the U-Haul truck, but the men hit and grabbed him. The victim incurred facial injuries and was rendered unconscious.

Regaining consciousness, the victim noticed his phone was gone. He tried to take the dolly from the truck again. However, Defendant began reversing his truck in his direction, forcing him to jump back. Defendant hit the victim with the vehicle. After Defendant and his friend left, the victim called the police. Later that day, Defendant returned the U-Haul truck and the dolly to the first location.

Defendant was indicted for several crimes based on his interaction with the victim. A jury convicted Defendant of one count of robbery with a dangerous weapon. Defendant appeals.

I. Analysis

On appeal, Defendant presents two issues, which we address in turn.

## A.  Sufficiency of evidence

Defendant contends the trial court erred in denying his motion to dismiss because there was no evidence Defendant intended to *permanently* deprive the owner of the dolly's use.

Our court reviews a trial court's denial to grant a motion to dismiss *de novo*. *State v. Smith*, 186 N.C. App. 57, 62 (2007).  In reviewing the sufficiency of the evidence for a motion to dismiss, our Court considers whether substantial evidence, that which a "reasonable mind" might find "adequate to support a conclusion," corroborates each element of the charged crime.  *State v. Smith*, 300 N.C. 71, 78 (1980).  On appeal, evidence is viewed in the light most favorable to the State.  *State v. Beck*, 385 N.C. 435, 438 (2023).

Under North Carolina law, to prove robbery, the State must put forth evidence that the defendant had the intent *at the time he took the property* to *permanently* deprive another of his property.  *State v. Mann*, 355 N.C. 294, 303-304 (2002).  According to our Supreme Court, "[a]lthough a person may wrongfully take the goods, yet unless he intended to assume the property in them, and to convert them to his own use, it will amount to a trespass only, and not to a felony."  *State v. Sowls*, 61 N.C. 151, 153 (1867).

When a defendant fails to demonstrate any concern for restoring the stolen property to the owner's possession, this Court infers the defendant intended to

permanently deprive the owner of his property. *Mann*, 355 N.C. at 304. Furthermore, the act of abandonment demonstrates complete indifference to the owner regaining possession of his property. *Id*. In contrast, evidence demonstrating a defendant removed an item from the owner's possession for "some period of time" does not equate to permanent deprivation of personal property. *State v. Spera*, 290 N.C. App. 207, 219 (2023).

Here, there was evidence Defendant took possession of the dolly and removed it from the second U-Haul facility where the victim worked without ever paying either facility a rental fee for the dolly. It may be that the jury could infer from the fact he ultimately returned the dolly to the first location that he did not intend to *permanently* deprive that location of the dolly. However, the jury could, in the alternative, infer from the evidence that Defendant *did* have intent to keep the dolly permanently and only changed his mind later that day. Though there was strong evidence showing Defendant did not intend to permanently deprive U-Haul of the dolly, we conclude the evidence, when viewed in the light most favorable to the State, was sufficient to submit this issue to the jury.

Defendant also contends there was insufficient evidence to establish that he knew he was not entitled to the property. Again, in the light most favorable to the State, we conclude the jury could infer from the circumstances that Defendant knew he had not paid for the dolly and was thus not entitled to the property. When a party's reasons for withholding payment are not "convincing," and the party has deliberately

and intentionally avoided payment, a jury may reasonably find the party's "failure to pay was intentional, in bad faith, and not due to innocent mistake or honest disagreement." *Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 422 (1993). And here, there was evidence that the victim told Defendant the dolly rental required separate payment from the U-Haul truck rental.

Accordingly, we conclude the trial court did not err in denying Defendant's motion to dismiss.

### B. Flight instruction

Defendant contends the trial court erred in instructing the jury on flight.

"Because Defendant did not object to the jury instructions at trial, we review for plain error." *State v. Simpson*, 230 N.C. App. 119, 123 (2013) (citation omitted).

"To show plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* (internal quotations omitted).

We conclude there was sufficient evidence to support the trial court's instruction on flight, as there was evidence Defendant struck the victim with his rented U-Haul truck and fled as the victim was attempting to regain possession of the dolly. If the instruction was error, the instruction may have constituted prejudicial error. But because the other evidence was sufficient to support the jury's

verdict, we conclude any error by the trial court in giving the instruction did not rise to the level of plain error. *See, e.g., State v. Reber*, 386 N.C. 153, 160–61 (2024).

## III.  Conclusion

Though there was strong evidence that Defendant did not commit the crime for which he was convicted, the evidence when viewed in the light most favorable to the State was sufficient to allow the jury to consider the charge. Further, the evidence was sufficient for the trial court to instruct on flight. The jury made their call. Accordingly, we conclude Defendant received a fair trial, free from reversible error.

NO ERROR.

Judge WOOD concurs.

Judge COLLINS concurs in result only.

Report per Rule 30(e).